

No. 12–0516/AF.  U.S. v. Michael S. Tunstall.  CCA 37592.  In view of the existence of a vacant position on the Court, notice is hereby given that the Chief Judge has called upon Senior Judge Andrew S. Effron to perform judicial duties in the above–referenced cases, and that Senior Judge Effron has consented to perform judicial duties in said cases under Article 142(e)(1)(A)(ii), Uniform Code of Military Justice, 10 U.S.C. § 942(e)(1)(A)(ii) (2006).

No. 12–0522/AF.  U.S. v. Adam G. Cote.  CCA 37745.  In view of the existence of a vacant position on the Court, notice is hereby given that the Chief Judge has called upon Senior Judge Walter T. Cox to perform judicial duties in the above–referenced cases, and that Senior Judge Cox has consented to perform judicial duties in said cases under Article 142(e)(1)(A)(ii), Uniform Code of Military Justice, 10 U.S.C. § 942(e)(1)(A)(ii) (2006).

No. 12–8027/AR.  Center for Constitutional Rights, et al., Appellants v. United States and Colonel Denise Lind, Military Judge, Appellees.  CCA 20120514.  On consideration of the pleadings of the parties, and oral argument, held on October 10, 2012, it is ordered that the parties file supplemental briefs on the following additional issues:

    I.   WHETHER, IN LIGHT OF *DENEDO v. UNITED STATES*, 556 U.S. 904 (2009), *CLINTON v. GOLDSMITH*, 526 U.S. 529 (1999), *UNITED STATES v. LOPEZ de VICTORIA*, 66 M.J. 67 (C.A.A.F. 2008), *ABC, INC. v. POWELL*, 47 M.J. 363 (C.A.A.F. 1997), *UNITED STATES v. HERSHEY*, 20 M.J. 433 (C.M.A. 1985), ARTICLES 36, 66, AND 67, UCMJ, AND RULE FOR COURTS–MARTIAL 806, THIS COURT AND THE UNITED STATES ARMY COURT OF CRIMINAL APPEALS HAVE SUBJECT–MATTER JURISDICTION OVER APPELLANTS' REQUEST FOR EXTRAORDINARY RELIEF.

   II.   WHETHER APPELLANTS, NON–PARTIES TO THE COURT–MARTIAL, HAVE STANDING IN THIS COURT OR THE UNITED STATES ARMY COURT OF CRIMINAL APPEALS TO FILE A REQUEST FOR EXTRAORDINARY RELIEF IN THIS MATTER.

 III.   ASSUMING JURISDICTION, (1) IN THE CONTEXT OF THE RECORDS NOW AT ISSUE, WHICH OFFICIALS ARE LAWFULLY AUTHORIZED TO DIRECT PUBLIC RELEASE OF SUCH RECORDS, AND (2) TO WHAT EXTENT MUST APPELLANTS FIRST DEMONSTRATE THAT THEY HAVE MADE THEIR INITIAL REQUEST TO